UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Essence Skin Clinic, LLC and
Jennifer Sanneman,

Civ. No. 18-3005 (PAM/ECW)

Plaintiffs,

v.

**MEMORANDUM AND ORDER**

Wakaya Perfection, LLC; Todd
Smith; William Andreoli; Blake
Graham; Andre Vaughn; Steve
Smith; Barb Pitcock; Dave Pitcock;
Patti Gardner; Mike Randolph;
Mike Casperson; and Brytt Cloward,

Defendants.

This matter is before the Court on Defendants' Motion to Dismiss and Compel Arbitration or to Dismiss for Lack of Jurisdiction. (Docket No. 4.) Because the parties entered into a valid arbitration agreement, Defendants' Motion is granted in part and denied in part.

**BACKGROUND**

Defendant Wakaya Perfection ("Wakaya") is a multi-level marketing company headquartered in Utah that offers a variety of health and wellness products. Plaintiff Jennifer Sanneman is the founder and CEO of Plaintiff Essence Skin Clinic based in Rochester, Minnesota. In late 2016, Sanneman became an investor in Wakaya. On or around December 28, 2016, Sanneman entered into an agreement with Wakaya known as the Endorsement Agreement ("the Agreement"). The Agreement required Sanneman to

license her image, name, likeness, and voice for Wakaya's commercial purposes. The Agreement also required Sanneman to invest $250,000 with Wakaya, which she did.

The "Dispute Resolution" section of the Agreement states in pertinent part:

> Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, which cannot be resolved between the Parties shall be settled by binding arbitration in accordance with the Commercial Rules of the American Arbitration Association by a single arbitrator in a location to be agreed to by the Parties (or, if no agreement on location can be reached, the arbitration shall be held in Salt Lake City, Utah).

(Compl. (Docket No. 1, Ex. 1) at 31.) Sanneman eventually decided that Wakaya and its representatives had deceived her before she entered into the contract by making misrepresentations about the company and failing to disclose Wakaya's ongoing litigation in another matter. Plaintiffs filed suit alleging violations of state securities law, breach of contract, fraud, promissory estoppel, and unjust enrichment. Defendants now seek to compel arbitration and either dismiss the complaint or stay the proceedings pending the outcome of arbitration.

**DISCUSSION**

Under the Federal Arbitration Act, 9 U.S.C. § 1 et seq., the Court is to "rigorously enforce agreements to arbitrate." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221 (1985). In determining whether to compel arbitration, the Court must determine: (1) whether a valid agreement to arbitrate exists between the parties; and (2) whether the specific dispute is within the scope of that agreement. Pro Tech Indus., Inc. v. URS Corp., 377 F.3d 868, 871 (8th Cir. 2004). "Absent a well-founded claim that an arbitration agreement 'resulted from the sort of fraud or overwhelming economic power that would

2

provide grounds for the revocation of any contract', the Court must enforce the arbitration agreement." Lang v. Burlington N. R.R., 835 F. Supp. 1104, 1106 (D. Minn. 1993) (Rosenbaum, J.) (citation omitted). There is a strong presumption in favor of arbitration and any doubts concerning arbitration rights should be resolved in favor of arbitration. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).

Additionally, "9 U.S.C. § 3 provides that, when a suit pending in federal court is subject to arbitration, the court 'shall . . . stay . . . the action until such arbitration has been had.'" Jann v. Interplastic Corp., 631 F. Supp. 2d 1161, 1167 (D. Minn. 2009) (Kyle, J.) (citation omitted). However, it is within the Court's discretion to decide whether it is appropriate to dismiss the complaint when all claims are arbitable, or to stay the action pending the outcome of arbitration. Unison Co. v. Juhl Energy Dev., Inc., 789 F.3d 816, 821 (8th Cir. 2015) (citing Green v. SuperShuttle Int'l, Inc., 653 F.3d 766, 769-70 (8th Cir. 2011).

"Whether an arbitration agreement is valid is a matter of state contract law." Faber v. Menard, Inc., 367 F.3d 1048, 1052 (8th Cir. 2004). The Agreement states that it is governed by the laws of Utah, and Plaintiffs have not disputed the validity of the arbitration provision based on state law. Plaintiffs instead contend that the arbitration provision is invalid because the entire Agreement was terminated in November 2018 pursuant to a clause in the Agreement allowing termination by either party on 90 days' written notice. But "there is 'a presumption in favor of postexpiration arbitration of matters unless negated expressly or by clear implication.'" Koch v. Compucredit Corp., 543 F.3d 460, 465 (8th Cir. 2008) (citation omitted). There is no express or implied indication in the record that

3

the parties intended to sever the arbitration provision when the Agreement was terminated, and thus the arbitration provision remains binding.

Plaintiffs also argue that the Agreement is invalid because they raise a claim under the Minnesota Blue Sky Law, which "prevents Defendants' reliance on a contract secured in violation of statutory law." (Pl.'s Opp'n Mem. (Docket No. 25) at 3), see Minn. Stat. § 80A.14, Subd. 18. However, "Minnesota Blue Sky Law and related common law claims are . . . subject to arbitration." Fairview Cemetery Asso. v. Eckberg, 385 N.W.2d 812, 821 (Minn. 1986). Thus, the Blue Sky Law does not prevent enforcement of the arbitration provision.

Finally, Plaintiffs argue that their dispute is not within the scope of the arbitration provision because their claims relate to securities law under Minn. Stat. § 80A and do not arise out of the Endorsement Agreement. Specifically, Plaintiffs contend that "the underlying allegations of Plaintiffs' primary claims are unrelated to any matters covered by the broad arbitration provision." (Pls.' Opp'n Mem. at 8.) The Complaint disproves this assertion. Notably, the Agreement states that "[a]ny controversy or claim arising out of or relating to this Agreement . . . shall be settled by binding arbitration." (Defs.' Supp. Mem. at 4.) All six counts in the Complaint either explicitly rely on the Agreement or argue that Sanneman was fraudulently induced to enter into the Agreement. While Plaintiffs may base some of their arguments on securities law, the theory underlying that claim is that the Agreement itself as a security. Thus, this claim also "relate[s] to" the Agreement. Plaintiffs' arguments that their claims are unrelated to the arbitration provision are unpersuasive.

**CONCLUSION**

Because all of Plaintiffs' claims are covered by the arbitration provision, it is within the Court's discretion to dismiss the claims without prejudice or to stay the matter pending the outcome of arbitration. The Court finds that dismissal of Plaintiffs' claims is premature. Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendants' Motion to Dismiss and Compel Arbitration or to Dismiss for Lack of Jurisdiction (Docket No. 4) is **GRANTED in part** and **DENIED in part**;

2. Plaintiffs are **COMPELLED** to arbitrate all claims; and

3. This action is **STAYED** pending the outcome of the arbitration.

Dated: January 14, 2019

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge